

**U.S. Department of Justice**
Environment and Natural Resources Division

---

*Appellate Section*  *Telephone (202) 514-3785*
P.O. Box 7415
Ben Franklin Station
Washington, DC  20044

July 26, 2024

VIA CM/ECF & OVERNIGHT MAIL

Patricia S. Dodszuweit
Clerk of the Court
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re:   *Lofstad et al. v. Raimondo et al.,*
       Case No. 24-1420 (3d Cir.) (Bibas, Freeman, Rendell)

Dear Ms. Dodszuweit:

Federal Defendants respectfully submit this supplemental letter as requested by the Court at oral argument. In the course of a discussion regarding whether there were instances in which a Regional Council had blocked the Secretary of Commerce from taking action or had compelled the Secretary to act under provisions cited by the Plaintiff-Appellants, the Court indicated that a supplemental letter regarding the occasion on which the National Marine Fisheries Service (NMFS) repealed a fishery management plan under 16 U.S.C. § 1854(h) would be helpful. Or. Arg. Tr. 43:5.

Counsel for Federal Defendants indicated at argument that agency counsel recalled only one instance in which a fishery management plan established under the Magnuson-Stevens Act had been repealed or revoked pursuant to 16 U.S.C. § 1854(h). In 2011, NMFS repealed the Fishery Management Plan for the Gulf of Mexico Stone Crab Fishery. *See Fisheries of the Caribbean, Gulf of Mexico, and*

*South Atlantic; Stone Crab Fishery of the Gulf of Mexico; Removal of Regulations*, 76 Fed. Reg. 59,064 (Sept. 23, 2011). Consistent with answers provided by counsel at argument, Federal Defendants have not identified any instance where a Regional Council voted against a proposed repeal or revocation of a fishery management plan under section 1854(h).

Federal Defendants are similarly unaware of any instance where a Regional Council voted to purportedly block or compel an action by the Secretary or NMFS under the other limited concurrence provisions discussed at oral argument. *See* 16 U.S.C. §§ 1854(c)(3) (limited access systems); 1855(c)(2)(A) (emergency regulations); 1856(a)(3)(B) (delegations to states). Although NMFS has previously relied on sections 1854(c)(3) and 1856(a)(3)(B), respectively, to implement limited access systems and to carry out delegations to states, to the best of Federal Defendants' knowledge, no Regional Council has ever attempted or purported to block or compel secretarial or NMFS action under any of these provisions.

        Respectfully submitted,

        s/ *John E. Bies*
        JOHN E. BIES
        Counsel for the Federal Defendants

90-8-8-08610

# CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of July 2024, I electronically filed the foregoing letter with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

# CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Rule 32(a)(6) because the document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century font. It complies with the electronic filing requirements of Local Rule 31.1(c) because the electronic version of this letter filed was scanned with a commercial virus scanning program, Microsoft Defender Antivirus, version 1.415.332.0, and, according to the program, is free of viruses. I further certify that the text in the electronic copy of the letter is identical to the text in the paper copies filed with the Court.

s/ *John E. Bies*
JOHN E. BIES

Counsel for Federal Defendants